**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1105

JIE LIU,

Plaintiff - Appellant,

v.

LOWE'S HOME IMPROVEMENT,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:20-cv-00056-NKM-JCH)

Submitted:  June 4, 2024                                Decided:  June 24, 2024

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jie Liu, Appellant Pro Se.  John P. Cattano, CENTRAL VIRGINIA LITIGATION, PLC, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jie Liu appeals the district court's orders granting summary judgment to Lowe's Home Improvement, ("Lowe's"), on Liu's claims for breach of contract, negligence, and violations of the Virginia Consumer Protection Act ("VCPA") and sanctioning Liu for his violations of Fed. R. Civ. P. 11(b).  We affirm.

We review the district court's grant of summary judgment de novo, viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmoving party.  *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir.), *cert. denied*, 143 S. Ct. 303 (2022).  "Summary judgment is warranted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020) (quoting Fed. R. Civ. P. 56(a)).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might affect the outcome of the suit under the governing law." *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) (cleaned up).

To state a claim for breach of contract under Virginia law, a plaintiff must allege "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Young-Allen v. Bank of America*, 839 S.E.2d 897, 901 (Va. 2020) (internal quotation marks omitted).  To state a claim for negligence in Virginia, a plaintiff must allege "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *McGuire v. Hodges*, 639 S.E.2d 284, 288 (Va. 2007) (internal citation omitted).  To state a claim under the VCPA, a plaintiff must allege "(1) fraud,

2

(2) by a supplier, (3) in a consumer transaction." *Nahigian v. Juno Loudoun*, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010). To demonstrate fraud, as required for a VCPA claim, the plaintiff must show "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Id.* at 738 (internal quotation marks omitted). We have reviewed the record and conclude that the district court correctly determined that Liu failed to allege any damage or injury as a result of Lowe's allegedly wrongful actions.

With respect to the sanctions under Rule 11, we review for abuse of discretion a district court's order granting sanctions. *Morris v. Wachovia Secs.*, 448 F.3d 268, 277 (4th Cir. 2006). In reviewing a district court's decision for an abuse of discretion, we do not evaluate whether we "would have come to the same conclusion as the district court if we were examining the matter de novo." *Id.* Rather, a district court abuses its discretion only when it commits "a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (internal quotation marks omitted).

Under Rule 11, a district court may impose sanctions against a party who files "a pleading, written motion, or other paper" that is not well grounded in fact or law or that is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). In determining whether to impose sanctions for an "improper purpose," "a district court must judge the conduct of counsel under an objective standard of reasonableness." *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990). The district court did not err in imposing sanctions against Liu. The court advised Liu that his motions were frivolous and warned Liu repeatedly about the possibility

3

of sanctions.  Liu persisted in raising these claims and the court correctly determined that such actions were not objectively reasonable.

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*